UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEREK ARTHUR TABBERT,

        Plaintiff,

      v.                                      Case No. 20-C-411

R. LARSON, et al.,

        Defendants.

---

## SCREENING ORDER

---

    Plaintiff Derek Arthur Tabbert, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a previous order, the court dismissed Plaintiff's complaint for failing to state a claim and directed Plaintiff to file an amended complaint curing the defects in the original. On May 5, 2020, Plaintiff filed an amended complaint. The court will now screen the amended complaint pursuant to 28 U.S.C. § 1915A.

### SCREENING OF THE COMPLAINT

    The court has a duty to review the complaint and dismiss the case if it appears that the complaint fails to state a claim upon which relief can be granted. *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or

she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## THE COURT'S ANALYSIS

Plaintiff alleges that Defendants R. Larson, S. Staeven, M. Alsteen, Dr. Lavote, and the HSU Manager are medical professionals and have violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff's amended complaint does not provide enough facts to determine whether he states a claim upon which relief can be granted. His allegations offer no more than conclusions of law

based on events related to an unspecified medical condition that appear to have taken place during his incarceration at Green Bay Correctional Institution.

The Supreme Court in *Estelle v. Gamble* held that prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. 429 U.S. 97, 104–05 (1976). This does not mean, however, that every claim of inadequate medical treatment states a violation of the Eighth Amendment. To state a claim for deliberate indifference, the plaintiff must allege "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). Plaintiff fails to describe basic facts, including what his medical condition is, what the defendants are alleged to have actually done or not done that caused him injury, and what that injury is. Plaintiff's amended complaint therefore contains no allegations from which the court can infer that Plaintiff has a plausible claim. Rather than dismiss his case outright, however, Plaintiff will be provided an opportunity to file an amended complaint that clearly sets forth the who, what, when, and where of what he alleges occurred by **June 5, 2020**. Failure to file an amended complaint within this time period may result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

3

**IT IS THEREFORE ORDERED** that Plaintiff's amended complaint (Dkt. No. 8) is **DISMISSED**. Plaintiff must file an amended complaint on or before **June 5, 2020**.

Dated at Green Bay, Wisconsin this 6th day of May, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court
